**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| APP PRESS LLC | ) )  ) |
| *Plaintiff/Counterclaim Defendant,* | ) ) |
| vs. | ) Case No. 1:12-cv-718-SEB-DML ) |
| APRESS MEDIA LLC | ) ) ) |
| *Defendant/Counterclaim Plaintiff.* | ) ) ) |

**AMENDED CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

        A.     Plaintiff/Counterclaim Defendant: App Press, LLC

             Defendant/Counterclaim Plaintiff: Apress Media LLC

        B.     Counsel for Plaintiff/Counterclaim Defendant:

             Jacob R. Cox, Attorney No. 26321-49
             **COX LAW OFFICE**
             1606 N. Delaware Street
             Indianapolis, Indiana 46202
             T: 317.884.8550
             F: 317.660.2453
             *jcox@coxlaw.org*

             Counsel for Defendant/Counterclaim Plaintiff:

             Deborah Pollack-Milgate, Attorney No. 22475-49
             *dpollackmilgate@btlaw.com*
             **Barnes & Thornburg LLP**
             11 South Meridian Street
             Indianapolis, IN 46204
             (317) 236-1313
             (317) 231-7433 (Facsimile)

             Mark G. Matuschak
             *mark.matuschak@wilmerhale.com*

>Vinita Ferrera
>*vinita.ferrera@wilmerhale.com*
>Louis W. Tompros
>*louis.tompros@wilmerhale.com*
>**Wilmer Cutler Pickering Hale and Dorr LLP**
>60 State Street
>Boston, MA 02109
>(617) 526-6208
>(617) 526-5000 (Facsimile)
>
>Sadaf R. Abdullah
>*sadaf.abdullah@wilmerhale.com*
>Jane Dryer
>*jane.dryer@wilmerhale.com*
>**Wilmer Cutler Pickering Hale and Dorr LLP**
>7 World Trade Center
>250 Greenwich Street
>New York, NY 10007
>(212) 937-7247
>(212) 230-8888 (Facsimile)

>Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**   **Synopsis of Case**

      A.   Plaintiff/Counterclaim Defendant:

Plaintiff has filed an Action seeking Declaratory Relief that its registered trademark and service mark "App Press" does not infringe on marks owned by Defendant or otherwise create liability under a variety of other legal claims as asserted by Defendant in multiple cease and desist letters sent prior to the filing of this suit. In addition to the apparent visual differences between the marks as well as the distinct meanings of the words making up the marks ("App Press" versus "Apress"), the products and services associated with these marks are not similar, do not target the same consumers, and the circumstances surrounding the marks and their use do not otherwise meet the criteria for claims of trademark infringement or other related claims. The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act). After the filing of this Declaratory Action, Defendant has made counterclaims asserting trademark infringement, unfair competition, and a variety of related claims. Plaintiff has denied these claims and has also asserted a variety of affirmative defenses specifically including but not limited to laches, waiver, estoppel, and Defendant's failure to mitigate damages.

      B.   Defendant/Counterclaim Plaintiff:

Defendant/Counterclaim Plaintiff Apress Media, LLC ("Apress") has denied that Plaintiff/Counterclaim Defendant App Press, LLC ("App Press") is entitled to any of the relief

requested by its Complaint and has asserted affirmative defenses of failure to state a claim, invalidity of App Press's trademark, improper registration, standing, and unclean hands. In addition, Apress's counterclaims relate to App Press's infringement of Apress's valid and enforceable, federally-registered trademark "APRESS" by App Press's use of the confusingly similar mark "APP PRESS." Apress has also asserted counterclaims of federal and state law unfair competition, federal and state law trademark dilution, state law deceptive trade practices, and for cancellation of Plaintiff's infringing mark. As grounds for these claims, Apress alleges that it has operated using the "APRESS" mark for over twelve years, that "APRESS" and "APP PRESS" are confusingly similar, that both companies operate in the same or similar markets, and that there is already significant evidence of customer confusion, including but not limited to internet website access data. The confusion resulting from App Press's use of the APP PRESS mark will result in detrimental effects to Apress's business. Apress requests relief in the form of dismissal of App Press's Complaint, damages, injunctive relief, and costs and reasonable attorneys' fees. This Court has subject matter jurisdiction over Defendant's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and under 15 U.S.C. § 1119, 1120, and 1121.

### III.     Pretrial Pleadings and Disclosures

    A.     The parties have completed service of their Fed. R. Civ. P. 26 initial disclosures.

    B.     The Defendant/Counterclaim Plaintiff has completed service of its preliminary witness and exhibit lists.

    C.     The Plaintiff/Counterclaim Defendant has completed service of its preliminary witness and exhibit lists.

    D.     All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 26, 2013.**

    E.     Plaintiff/Counterclaim Defendant shall serve Defendant/Counterclaim Plaintiff (but not file with the Court) a statement of special damages, if any, and make a settlement demand, if any, on or before **February 19, 2013**. Defendant/Counterclaim Plaintiff shall serve on Plaintiff/Counterclaim Defendant (but not file with the Court) a statement of special damages, if any, on or before February 19, 2013 and a response to any settlement demand that is received within 30 days after receipt of the demand. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*.

    F.     For expert witnesses other than those required for dispositive motions, the party bearing the burden of proof shall disclose the name, address, and vita of any such expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 18, 2013.** For purposes of clarity, the parties agree that Defendant/Counterclaim Plaintiff will be required to file expert reports in support of its counterclaims against Plaintiff/Counterclaim Defendant by this date, and that Plaintiff/Counterclaim Defendant will be required to make expert disclosures on this date in support of any affirmative defenses against the counterclaims or claims other than the claim for declaratory action that Plaintiff/Counterclaim Defendant might have that

require or utilize expert testimony.   Parties offering rebuttal expert opinions, or if no expert disclosures are made, parties who do not bear the burden of proof but who wish to use expert testimony, shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 18, 2013.**  For purposes of clarity, the parties agree that Plaintiff/Counterclaim Defendant will be required to file expert reports in support of its declaratory action claim by this date, and not the earlier November 18, 2013 deadline.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 60 days prior to the dispositive motion deadline. If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **January 24, 2014.**

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party, and are proposing two different manners of addressing these issues in the CMP for the Court's consideration and determination at the parties' pretrial conference. The parties will file a Stipulated Protective Order to address issues related to the confidentiality of discovery and inadvertent production of confidential or privileged information.

The parties have conferred with respect to ESI and the following protocol shall apply:

    1. Electronic discovery shall be produced to the requesting party in a reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party shall provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means in "Tagged Image File Format (.tif or .tiff)" in single page, black and white images. If the receiving party determines in good faith that a disclosure of an electronic document in black and white single page .tif format does not adequately allow the party to review the document, the

        receiving party may request that an electronic copy be provided to it in another commercially reasonable format (e.g., in color or as a native file). If a requesting party makes a request and satisfies the prerequisite showing that it is entitled to the examination of any hard drives, servers, computers, voice mail systems or other electronic devices or components, such disclosure shall be made in a manner agreed upon by the parties or ordered by the Court.

2. Information Associated With Electronic Discovery. The following metadata fields associated with each electronic document will be produced:

   a) For e-mail: From, Recipient, Cc, Bcc, Subject, Sent date, Sent time, Attachment name

   b) For other non-database electronic documents, when available: Author, Last saved time, Title, File name, File type.

3. ESI will be produced in accordance with the timelines for producing documents in response to written discovery as set forth in the Federal Rules of Civil Procedure. Counsel must confer in good faith about a rolling production when the producing party promptly provides specific information that the expected volume and potential sources of the production warrant such a schedule.

4. The reasonable costs of producing documents for inspection or otherwise in response to written discovery will be borne by the producing party except as otherwise allowed under, and addressed by, the Federal Rules of Civil Procedure, including specifically FRCP 26(b)(2)(C)(iii), the Local Rules of the Southern District of Indiana, and applicable federal case law.

5. The parties represent that they have made, and will continue to make, reasonable efforts to preserve all electronic data as well as all other discoverable information relevant to either party's claims or defenses.

6. Inadvertent Disclosure of Privileged Documents. The inadvertent disclosure of privileged documents will be addressed further in the parties' Stipulated Protective Order. Generally, the parties agree that the inadvertent production of any document or information during discovery in the litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other privilege, or protected from discovery as work product. No party shall be held to have waived any rights by such inadvertent production so long as the receiving party is notified within fifteen (15) days of the discovery by the inadvertently producing party that there has been such an inadvertent production. Upon such notice by the inadvertently producing party, the receiving party shall return all copies of the document and not use the

>information in the document for any purpose until further Order of the Court.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

>A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.
>
>Plaintiff/Counterclaim Defendant intends to seek summary judgment based on the affirmative defense of laches as well as the fact that the marks at issue are not confusingly similar and do not otherwise give rise to liability under the claims asserted by Defendant/Counterclaim Plaintiff, as the App Press mark is used in conjunction with the licensing of an online software tool that allows individuals to insert and manage content in apps that are published by those individuals (and not App Press) for use on mobile devices, and the Apress Media mark is used in conjunction with the sale of books by Apress Media. Plaintiff/Counterclaim Defendant anticipates that expert testimony will be necessary for purposes of dispositive motions filed by the parties.
>
>Defendant/Counterclaim Plaintiff expects to file a motion for summary judgment because it anticipates that there will be overwhelming evidence of customer confusion with regard to the two trademarks at issue, and because "APP PRESS" is so similar to the "APRESS" mark that no reasonable jury could find no confusion. Expert analysis will likely be important to Defendant's Motion; particularly, surveys and market analyses will help support the motion Defendant intends to file.
>
>B. Select the track that best suits this case:

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

_____Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_____Track 2: Dispositive motions are expected and shall be filed by [no later than 11 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by [no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

___X__ Track 3: Dispositive motions are expected and shall be filed no later than **October 24, 2013**; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by **August 22, 2013**; all remaining discovery shall be completed by no later than **November 25, 2013**, with the exception that any remaining expert discovery shall be completed by no later than **January 24, 2014.** [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

_____Track 4: Dispositive motions shall be filed by [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by ____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.     **<u>Pre-trial/Settlement Conferences</u>**

Defendant/Counterclaim Plaintiff requests that the Court schedule a settlement conference at its earliest convenience.

VI.    **<u>Trial Date</u>**

The presumptive trial date is 18 months from the Anchor Date. The parties request a trial date in **April 2014.**  The trial is by jury and is anticipated to take <u>five</u> days.

VII.   **<u>Referral to Magistrate Judge</u>**

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

**VIII.   Required Pre-Trial Preparation**

  A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1.   File a list of witnesses who are expected to be called to testify at trial.

   2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

   4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a)   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b)   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

   5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

   6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

  B.   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1.   Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and

       designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

March 18, 2013

*/s/ Jacob R. Cox (by consent)*　　　　　*/s/ Deborah Pollack-Milgate*

| | |
|---|---|
| Jacob R. Cox, Attorney No. 26321-49<br>**COX LAW OFFICE**<br>1606 N. Delaware Street<br>Indianapolis, Indiana 46202<br>T: 317.884.8550<br>F: 317.660.2453<br>*jcox@coxlaw.org*<br><br>*Attorney for App Press LLC* | Deborah Pollack-Milgate<br>dmilgate@btlaw.com<br>BARNES & THORNBURG LLP<br>11 S. Meridian Street<br>Indianapolis, IN 46204-3535<br>Tel: (317) 236-1313<br>Fax: (317) 231-7433<br><br>Mark G. Matuschak *(pro hac vice)*<br>mark.matuschak@wilmerhale.com<br>Vinita Ferrera *(pro hac vice)*<br>vinita.ferrera@wilmerhale.com<br>Louis Tompros *(pro hac vice)*<br>louis.tompros@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Tel.: (617) 526-6000<br>Fax: (617) 526-5000<br><br>Sadaf R. Abdullah *(pro hac vice)*<br>sadaf.abdullah@wilmerhale.com<br>Jane A. Dryer *(pro hac vice)*<br>jane.dryer@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel.: (212) 230-8800<br>Fax: (212) 230-8888<br><br>*Attorneys for Apress Media LLC* |

_____        PARTIES APPEARED BY COUNSEL ON , FOR AN
                         INITIAL PRETRIAL CONFERENCE.

_____        APPROVED AS SUBMITTED.

\_\_\_\_\_X\_\_\_\_\_         APPROVED AS AMENDED.

_____        APPROVED AS AMENDED PER SEPARATE ORDER.

_____        APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE
                         SHORTENED/LENGTHENED BY                    MONTHS.

_____        APPROVED, BUT THE DEADLINES SET IN SECTION(S)
                         _____OF THE PLAN IS/ARE
                         SHORTENED/LENGTHENED BY                    MONTHS.

_____        THIS MATTER IS SET FOR TRIAL BY _____ ON
                         _____ . FINAL PRETRIAL
                         CONFERENCE IS SCHEDULED FOR
                         _____AT _____ .M.,
                         ROOM                .

_____        A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE
                         FOR _____AT _____ .M. COUNSEL SHALL
                         APPEAR:

                         _____IN PERSON IN ROOM _____ ; OR

                         _____ BY TELEPHONE, WITH COUNSEL FOR
                         INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING
                         THE COURT JUDGE AT ( \_\_\_ )_____; OR

                         _____ BY TELEPHONE, WITH COUNSEL CALLING THE
                         JUDGE'S STAFF AT ( \_\_\_\_ ) _____; OR

\_\_\_\_\_X_____        DISPOSITIVE MOTIONS SHALL BE FILED BY OCTOBER 24, 2013.

\_\_\_\_\_X_____        NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE
                         COMPLETED BY NOVEMBER 25, 2013.

1

If the required conference under LR 37-1 does not resolve discovery issues that may arise, **and if the dispute does not involve a claim of privilege,** the parties are ordered *jointly* to request a phone status conference before filing any motion to compel or for protective order.  **If the dispute has arisen because a party has failed to timely respond to discovery, the party that served the discovery may proceed with a motion to compel without seeking a conference.  Any contacts with the court to request a discovery conference must be made jointly by counsel, absent compelling circumstances.**

When filing a non-dispositive motion, the movant shall contact counsel for the opposing party and solicit opposing counsel's agreement to the motion.  The movant shall indicate opposing counsel's consent or objection in the motion.

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

03/19/2013
Date

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

2