UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| APP PRESS LLC, | ) |
|         Plaintiff/Counterclaim Defendant, | ) CASE NO. 1:12-cv-0718-SEB-DML |
| v. | ) **JURY TRIAL DEMANDED** |
| APRESS MEDIA LLC, | ) |
|         Defendant/ Counterclaim Plaintiff. | ) |

**VERIFIED MOTION TO AMEND CASE MANAGEMENT PLAN**

Plaintiff/Counterclaim Defendant, App Press LLC, by counsel, respectfully moves the Court to amend the Case Management Plan in this matter to remove the requirement that all electronically stored information be produced in TIFF format, and in support thereof states as follows:

1. Section III(K)(1) of the Amended Case Management Plan contains a requirement, as proposed by Apress Media, that "Electronic discovery shall be produced to the requesting party in a reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party shall provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means in "Tagged Image File Format (.tif or .tiff)" in single page, black and white images."

2. Initially, App Press requests that this requirement be amended due to the fact that it is technically impossible to implement. Specifically, App Press maintains and has produced electronically stored information in its native format that cannot be converted into a .TIFF file,

1

including but not limited to voicemails.  As written, the Case Management Plan requires that these documents be produced in a format that is impossible to use, as TIFF files are image files and voicemail are maintained as MP3s in sound files that cannot be converted to images.

3.      Second, App Press requests that the Court amend this requirement because it is unduly burdensome on App Press.  App Press has produced a variety of documents that are readily accessible in their native, and commonly used, formats, including PDFs, PowerPoint Presentations, Excel Spreadsheets, and others.  These documents can be readily viewed by Apress Media as produced, and converting these documents into TIFF files would cost App Press unnecessary and significant time and expense.

4.      For example, App Press's counsel has conferred with a local vendor, Xact Data, regarding the expense of converting these files, and has learned that App Press would have to pay the vendor $250 per hour to harvest the information (with an estimate of at least 1-2 hours of harvesting time) and then $500 per gigabyte of information converted to TIFF (with a minimum charge of $200).  Thus, it will cost App Press hundreds or even thousands of dollars to convert its already accessible files into TIFF despite the fact that App Press has no use for or desire to maintain those files in TIFF and the documents have already been produced in a readily usable format.

5.      In fact TIFF format is more difficult for App Press and its counsel to use than PDFs or other commonly-used formats, does not allow for the inclusion of color, and separates each page of a document into separate files such that they cannot easily be identified, printed or copied. Further, this point was apparently underscored by Apress Media itself, who produced a number of Excel spreadsheets in their native format (and not as TIFFs) as part of its June 3, 2013 production.

It makes sense that such ESI would be produced in native, as converting a spreadsheet into TIFF format usually results in a volume of individual pages that are incomprehensible because they contain just portions of rows and columns in the overall spreadsheet.

6. Further, Apress Media's counsel has admitted that it desires TIFF format for files because they utilize a case management software program that utilizes TIFF files. Thus, the reason that Apress Media wishes App Press to convert their documents into TIFF files does not appear to be due to an inability to view the documents in other formats, such as PDF, Excel, or PowerPoint, or any other matter of practical necessity, but instead because Apress Media apparently wishes App Press to bear the cost of converting usable files such as PDFs into a format that was chosen due its functionality within case management software used by Apress Media's legal counsel.[1]

7. Although Apress Media is certainly welcome to utilize any case management software that it wishes, it is unclear why App Press should bear the cost of paying to have a vendor convert files that are in App Press's control into a format that has no advantage but for its compatibility with the discovery software used by Apress Media's counsel. Instead, App Press believes this requirement unfairly shifts the costs of discovery on App Press such that an undue burden is being placed on App Press.

8. Accordingly, due to the impossibility of complying with the Case Management Plan as written, the lessened utility and convenience of TIFF files, and the fact that requiring to App Press convert its already accessible ESI into TIFF files imposes an undue burden on App

---

[1] Apress Media's counsel has also indicated that it requires TIFFs in order to Bates Number documents; however, it is unclear what bearing this issue has on the production file type, as PDFs and other documents can also be Bates Numbered and there is no requirement that Bates Numbering be utilized under the Federal Rules or Local Rules.

Press solely for the benefit of Apress Media, App Press requests that the Court amend Section III(K)(1) of the Amended Case Management Plan to remove the requirement that electronically stored information be produced in "Tagged Image File Format (.tif or .tiff)" in single page, black and white images," but instead to state that parties may produce electronically stored information in "its native format (including PDFs, Excel spreadsheets, PowerPoint files, Word processing or Text files, etc.) or any other reasonably accessible format including but not limited to PDFs, TIFFs, or other file types."

9. Such an amendment would not prejudice Apress Media in that they would still be able to produce documents in TIFF format if they so choose and could also convert files into that format if they believe it worth the expense to utilize their case management software.

10. App Press's counsel has discussed this issue with Apress Media's counsel and Apress Media's counsel objects to the amendment as requested in this Motion.

11. This Motion is made in good faith and not for purposes of delay.

WHEREFORE, Plaintiff/Counterclaim Defendant, App Press LLC, by counsel, hereby requests that the Court amend the Amended Case Management Plan by removing the phrase "Tagged Image File Format (.tif or .tiff)" in single page, black and white images" from Section III(K)(1) of the Amended Case Management Plan and replacing it with the phrase "its native format (including PDFs, Excel spreadsheets, PowerPoint files, Word processing or Text files, etc.) or any other reasonably accessible format including but not limited to PDFs, TIFFs, or other file types," and for all other appropriate and just relief.

**Verification:** I declare under the penalty of perjury that the foregoing factual representations regarding communications between App Press's counsel and Xact Data are true and correct.

/s Jacob R. Cox
Jacob R. Cox

Respectfully submitted,

/s *Jacob R. Cox*
Jacob R. Cox, Attorney No. 26321-49
**COX LAW OFFICE**
1606 N. Delaware Street
Indianapolis, Indiana 46202
T: 317.884.8550
F: 317.660.2453
jcox@coxlaw.org
*Attorney for Plaintiff/Counterclaim Defendant App Press LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via the Court's CM/EMF system, which will serve notice of filing on the following counsel of record via the CM/EMF system, on the 21st day of June, 2013:

| | |
|---|---|
| Deborah Pollack-Milgate dmilgate@btlaw.com | Jeff M. Barron jeff.barron@btlaw.com |
| Sadaf R. Abdullah sadaf.abdullah@wilmerhale.com | Mark G. Matuschak mark.matuschak@wilmerhale.com |
| Louis W. Tompros louis.tompros@wilmerhale.com | Jane A. Dryer jane.dryer@wilmerhale.com |
| Vinita Ferrera vinita.ferrera@wilmerhale.com | |

/s *Jacob R. Cox*
Jacob R. Cox