UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| APP PRESS LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | CASE NO. 1:12-cv-0718-SEB-DML |
| v. | ) | **JURY TRIAL DEMANDED** |
| APRESS MEDIA LLC, | ) ) | |
| Defendant/ Counterclaim Plaintiff. | ) | |

## PLAINTIFFS' VERIFIED BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY RESPONSES

On July 25, 2012, Plaintiffs served Interrogatories and Requests for Production of Documents on Defendant LG Electronics USA, Inc. (herein "LG").[1]  However, this deadline came and went without LG providing its answers, responses, and objections to Plaintiffs' written discovery or obtaining an extension of time from the Court or Plaintiffs.

After multiple communications between Plaintiffs' counsel and LG's counsel regarding unthe past due discovery, via writing and telephonic communications, App Press finally contacted the Court regarding Apress Media's deficient responses.

Based on these various deficiencies, Plaintiffs' counsel contacted Apress Media's counsel to discuss Apress Media's discovery responses in an attempt at informally resolving the problems therein (as required by Rule 37).  Plaintiffs' counsel went through each of the responses with Apress Media's counsel to discuss each deficiency in detail during a conversation that lasted

---

[1] A true and accurate copy of Plaintiffs' Interrogatories and Requests for Production of Documents to Defendant LG are attached hereto as Exhibits A and B, respectively.

1

approximately an hour, after which Apress Media's counsel indicated she would supplement the responses to correct the deficiencies and inaccuracies that he agreed existed.

Despite these efforts, Apress Media's efforts to resolve discovery disputes have been non-existent of unsatisfactory such that this motion is required.  Accordingly, Plaintiffs have sought relief from the Court.

## I.      LEGAL STANDARD

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Federal Rule of Civil Procedure 26(b)(1). For purposes of discovery, relevancy encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and (iv) allow that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection…[if] (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  An evasive or incomplete disclosure, answer or response is treated as a failure to disclose, answer, or respond under this Rule.  FRCP 37(a)(4).  Rule 37(d)(A)(ii) further indicates that the Court may, on motion from a party, order sanctions where "a party,

after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."

Further, Indiana federal courts have determined that a proper response to a request for production has two components.  "First, the responding party must state in writing, for each category requested, that 'inspection…will be permitted as requested' or, if the responding party objects, the basis of that objection." *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009).

"The second component of a proper response to a request for production requires the responding party – within the specified time – to actually produce the responsive documents for inspection and copying." *Novelty, Inc.*, 265 F.R.D at 375.  "The obligation to produce responsive documents extends to all documents over which the party has control, not merely possession." *Id.* at 375-76.  "Rule 34 guarantees that the requesting party will receive, concurrently with the responses, all documents reasonably available." *Id.* at 376.

If a party refuses or otherwise fails to produce documents as required under the Federal Rules of Civil Procedure, Rule 37(A) allows that the Court may issue an order compelling production of said documents.  A motion to compel is also appropriately granted where a party responds to discovery in a manner intended to delay discovery. *Swift v. First USA Bank*, 1999 WL 1212561, *7 (N.D. Ill. Dec. 15, 1999) (granting a motion to compel where a party responded to document requests with boilerplate objections, which the court deemed "baseless, often abused litany, the result of which is merely to delay discovery and the prosecution of this case by weeks, if not months").

## II.    FACTS

On February 5, 2013, App Press served Interrogatories and Requests for Production of Documents on Apress Media in person during a pretrial conference in this matter.  The deadline for responding to these written discovery requests was March 7, 2013.  Although Apress Media provided its written Answers and Responses and Objections on this date, it did not produce any documents.  Further, the answers to Interrogatories were largely deficient in that they mainly did not provide the requested information, instead raising a large number of objections and stating variably that the answers could be derived from documents as allowed by Rule 33(d) (despite no documents being produced) and/or that Apress Media would only provide the requested information after a meet and confer.

By May, 2013,[2] months after their deadline, Apress Media had still not produced even a single document in response to App Press's written discovery and also had not supplemented or otherwise amended the answers to Interrogatories to provide the information requested in those Interrogatories.  Accordingly, counsel for App Press drafted a detailed letter that was sent on May 14, 2013 and that identified various deficiencies in Apress Media's responses to written discovery (including foremost of all the fact that not even a single document had yet been produced by Apress Media).[3]

Based on these deficiencies, Plaintiffs' counsel arranged to have a conference with Apress Media's counsel on May 22, 2012, as required by Trial Rule 37.  This conversation lasted

---

[2] App Press's counsel was out of the office in March and April, 2013, due to personal family medical issues, and had limited ability to work during those months; if this were not the case, a Rule 37 letter would have been sent much sooner, though this does not excuse Apress Media's failure to provide timely and complete responses to App Press's discovery requests.

[3] A true and accurate copy of this letter is attached hereto as Exhibit _.

for approximately an hour, but was largely unproductive due to arguments raised by Apress Media's counsel.  For example, Apress Media's counsel argued for approximately twenty minutes that Apress Media had no duty to produce documents in conjunction with its objections and responses to Requests for Production, despite this clearly being required by the Federal Rules of Civil Procedure as well as applicable case law.

When the discussion moved on to specific interrogatories, Apress Media argued that its April 17 letter sufficiently answered issues raised in App Press's Rule 37 letter despite the fact that most, if not all, of its objections were either nonresponsive to the points raised in that letter or were otherwise irrelevant.  Further communications with Apress Media's counsel were similarly unresponsive and failed to provide information as requested by App Press and required by the Federal Rules of Civil Procedure.  Thus, App Press had no choice but to file this Motion to Compel.

## ARGUMENT

### A.  Apress Media has Provided Evasive and Incomplete Answers to Interrogatories that Fail to Provide Information Sought in Specific Interrogatories

Apress Media's responses to Interrogatories are evasive and fail to provide complete information in response to these Interrogatories as required by the Federal Rules and related caselaw.

**Interrogatory No. 1:**  Interrogatory No. 1 requests that Apress Media identify each individual who provided information necessary to answer the Interrogatories and, for each such individual, state which interrogatories he/she contributed information for purposes of

determining App Press will depose.  Apress Media has identified individuals who contributed information to these answers, but has refused to state whom has provided information to specific requests.  This information is relevant and should be ordered by the Court for production in response to this Motion to Compel,

  **Interrogatory No. 2:**  Interrogatory No. 2 seeks the identity of Apress Media's employees as well as a description of their job duties to allow App Press to determine who it would like to depose, on what subjects, and also to allow App Press the ability to determine the most efficient manner of obtaining information relating to claims made in Apress Media's cease and desist letters and pleadings (e.g., the pronunciation of Apress Media's name, etc.).  Apress Media has refused to identify ANY employees or provide descriptions of job duties in response to this Interrogatory.  During the Rule 37 communications between counsel, App Press's counsel queried whether the issue was one of there being hundreds or thousands of employees such that it would be impractical to identify them, but Apress Media's counsel admitted that it did not know how many employees there were, be it five or five hundred, but that they did not intend to provide any of the requested information despite its relevance.

  **Interrogatory No. 5:**  In its Counterclaims, Apress Media stated that both "consumers" and "members of the trade" have "concluded, incorrectly, that App Press's products and services originate with, are sponsored by, or are authorized by or licensed by Apress [Media.]" (Counterclaims. ¶ 46.)  Interrogatory No. 5 seeks identification of these individuals, but Apress Media's answer ignores this request and fails to identify even a single such individual.  During Rule 37 communications, Apress Media's counsel admitted that Apress Media cannot identify

even a single person who has concluded, incorrectly, that App Press's products and services originate with, are sponsored by, or are authorized by or licensed by Apress Media. If this is the case, Apress Media should be ordered to amend their response to this Interrogatory to indicate as such or, if not, provide the identities as requested by App Press in its Interrogatory.

**Interrogatory No. 6:** In its Counterclaims, Apress Media stated that "consumers" pronounce "App Press" and "Apress" the same way. (Counterclaims. ¶ 36.) Interrogatory No. 6 seeks identification of these consumers, but rather than identifying any such individuals, Apress Media has identified Saswatta Mishra as an "example" of such consumers. During Rule 37 communications, Apress Media's counsel indicated that they were not entirely certain who Saswatta Mishra was, but believed she was not a consumer, but instead an employee of Apress Media's parent company (Springer) who lives in India and may have mispronounced Apress Media's name at some time in the past. Apress Media's counsel further indicated that they did not believe that Apress Media could identify even a single consumer who pronounced the "App Press" name in the same manner as "Apress," and also admitted that any consumer who did so would be mispronouncing the Apress Media name. To the extent this is true, the Court should order Apress Media to amend its response to indicate that Apress Media does not know of any consumers who pronounce the marks in the same manner or, if such consumers exist, should identify them as requested by the Interrogatory.

**Interrogatory No. 7:** Interrogatory No. 7 asks that Apress Media "identify each employee, officer, director, client or contractor of yours who "pronounce[s] 'APRESS' and 'App Press' the same way." Again, rather than providing the requested information, Apress Media

identified only "Saswatta Mishra" as an example of such a person despite the admission by Apress Media's counsel that she is not an employee, officer, director, client or contractor of Apress Media's.  Further, during Rule 37 communications, Apress Media's counsel admitted that they do not believe any of the types of people identified in this Interrogatory pronounce the marks the same way, and that if any such people did, that they would be mispronouncing them (which seems unlikely given the relationship of the individuals to Apress Media as sought in this Interrogatory).  To the extent this is true, the Court should order Apress Media to amend its response to indicate that Apress Media does not know of any such individuals who pronounce the marks in the same manner or, if such individuals exist, should identify them as requested by the Interrogatory.

**Interrogatory No. 8:**  Interrogatory No. 8 seeks information regarding the cancellation, as occurred on March 19, 2009, of the "Apress" mark that Apress Media now seeks to enforce in this litigation.  Rather than providing any of the requested information, Apress Media states that information can be found regarding this issue in documents as allowed under Rule 33(d). However, Apress Media fails to identify any such documents with reasonable particularity (also required by Rule 33(d)) and similarly has failed to produce any documents relating to this issue. The Court should order Apress Media to produce the requested information.

**Interrogatory No. 9:**  Interrogatory No. 9 seeks identification of any apps published by Apress Media in a variety of app stores including the Apple App Store, Google Play Store, Amazon App Store, and others.  This information is relevant due to the fact that Apress Media has argued that apps created using the App Press CMS Tool could be confused for Apress

Media's products.  Rather than identifying any such apps as requested, Apress Media states that information can be found regarding this issue in documents as allowed under Rule 33(d). However, Apress Media fails to identify with reasonable particularity any such documents (also required by Rule 33(d)) and similarly has failed to produce any documents relating to this issue. The Court should order Apress Media to produce the requested information.

**Interrogatory No. 14:**  Interrogatory No. 14 seeks information regarding the reasons that Apress Media delayed its second cease and desist communication approximately eight months, directly relevant to at least the issue of App Press's defense of laches.  However, Apress Media refused to provide any of the requested information and still has not produced any of said information.  Apress Media's refusal and continuing failure to provide this information is evasive, nonresponsive, and should cause the Court to issue an order compelling its production.

**Interrogatory No. 12:**  Interrogatory No. 12 seeks all facts supporting or serving as the basis for Apress Media's claim that "over a thousand users have come to [Apress's] website and performed a search to locate "APP PRESS," an assertion made by Apress Media both in its cease and desist letters as well as its responses to Interrogatories.  This information is relevant to the claims of consumer confusion as well as the issues of unclean hands, unfair competition, and other affirmative defense and potential claims by App Press.  In response to this Interrogatory, after a litany of objections, Apress Media simply states that "Apress's systems have detected that more than a thousand users have come to Apress's website and performed a search to locate "APP PRESS" since App Press's products have existed," an answer that provides none of the requested information (such as identification of documents supporting this claim or individuals

who have knowledge of its accuracy), but instead merely echoes the assertion that was made by Apress Media and for which App Press has sought the basis.  Apress Media then further implicated Rule 33(d) without designating any documents that are responsive nor actually producing any documents in conjunction with the Answers to Interrogatories.  The information sought by this Interrogatory is relevant, has not been produced, and should be compelled by the Court.

     **Interrogatory No. 15:**  Interrogatory No. 15 seeks information regarding the markets in which Apress Media sells products or services under the Apress Mark.  After a variety of objections, Apress Media responds that this information is found in documents produced under Rule 33(d); however, Apress Media has yet to identify which documents contain this information or even produce any documents that are apparently responsive to this Interrogatory.  The information sought by this Interrogatory is relevant, has not been produced, and should be compelled by the Court.

**B.  Apress Media has Provided Evasive and Incomplete Answers to Interrogatories that Fail to Provide Information Sought in Specific Interrogatories**

     Apress Media's Answers to Interrogatories, as discussed below, has filed to provide the information sought by Plaintiffs in their RFPs (below) and as required under the Trial Rules.

     **Request No. 1:**  Request No. 1 seeks all document relating to or including reference to the company or phrase "App Press."  This information is relevant not only to the investigation done by Apress Media of its infringement claims before and after sending cease and desist letters but also the information obtained regarding Apress Media regarding to Apress Media's claims

and conclusion of infringement.  After service of a Rule 37 Letter, and discussions regarding the same, Apress Media maintained that it had produced all documents responsive to this request; however, this does not appear to be the case, as no documents were produced demonstrating that a reasonable investigation was done by Apress Media nor any documents demonstrating that Apress Media had a reasonable basis for sending the cease and desist letters at issue in this litigation.  Apress Media should accordingly be required to produce all documents in its possession or control that reference App Press.

**Request No. 2:**  Request No. 2 seeks documents relating to communications between App Press and anyone else regarding actual or potential confusion regarding the Apress Mark and App Press Mark, as claimed had occurred by Apress Media in its Counterclaims at ¶ 36. After its usual litany of objections, Apress Media fails to produce any such documents responsive to this request, but instead claims that it will produce "documents that contain the phrase 'App Press' found in its possession, custody or control after a reasonably diligent search of its files, to the extent any such documents exist."  This response ignores the request of RFP No. 2, and, to date, no such documents have been identified by Apress Media.  Apress Media has also not amended its response to admit that it has no such documents.  Apress Media should be order to provide an amended response indicating that it has no such documents or, if applicable, producing all responsive documents immediately.

**Request No. 4:**   Request No. 4 seeks documents or information supporting Apress Media's claim, as set forth in ¶ 46 of the Counterclaims, that "consumers and members of the trade" have "concluded that "App Press's products and services originate with, are sponsored by,

or are authorized by or license by Apress Media." In objection to this Request, Apress Media again offers a litany of irrelevant objections (such as this information is irrelevant, is premature in light of the Court's timetable for responding to discovery, etc.), and then states that it will produce this information in the future without production of the requested information now (as requested by App Press in timing with the schedule afforded for fact discovery). This response is inadequate, evasive, and does not provide the requested information; accordingly, Apress Media should be compelled to produce the requested information.

      **Request No. 5:**   Request No. 5 seeks documents or information regarding Apress Media's cancellation or expiration of its mark "Apress," registration number 2579037 (the mark at issue in this litigation), on or about March 14, 2009. Despite promising to produce documents regarding this cancellation, Apress Media has produced no documents, internal or external, regarding Apress Media's decision to cancel the mark that they are now attempting to enforce. These documents and information should be compelled for production by the Court.

      **Request No. 7:**  Request No. 7 seeks website analytics data for Apress Media's websites including specifically "full gull Google Analytics reporting for any such webite(s) dating back to January 1, 2006." This request specifies that it seeks information including such documents and information "from January 1, 2006 to present, relating to, evidencing or including information from Google Analytics or similar web traffic or website analysis products or software, for any website owned or operated for you, including but not limited to www.apress.com. These documents should include, but not be limited to, full Google Analytics reporting for any such website(s) dating back to January 1, 2006, including all overviews and breakdowns for Audience

(Demographics, Behavior, Technology, and Mobile), Traffic Sources (Search, Referral, Direct and Keyword) and Content.  Despite this specific request for various website analytics information, Apress Media has refused to provide this information, and should be required to do by the Court.

**Request No. 8:**   Request No. 8 seeks information regarding the individuals, departments and groups within Apress Media "who were involved with the design, distribution, marketing and sale of products" within Apress Media.  This information is directly relevant to the issues of infringement and related claims raised by Apress Media.  Apress Media has produced none of this information, but instead has stated that they intend to produce this information in the future. This request has been pending for more than four and a half months, and there is no reason that Apress Media should not have yet responded to it.  Apress Media should be compelled to answer this request immediately.

**Request Nos. 9 and 10:**   Request Nos. 9 and 10 seek information and documents relating to previous cease and desist letters sent by App Press.  App Press's counsel has stated that its client did not send any previous cease and desist letters, but has not provided affirmation of this in admissible form nor have they proved this via production of documents.  Accordingly, Apress Medis should be required to submit document evidencing that they have not sent any such cease and desist letters or otherwise provide a complete response to Request Nos. 9 and 10.

**Request No. 12:**  Request No. 12 seeks all documents relating to the marketing efforts set forth by Apress Media in relation to the mark and or brand name of "Apress."  These documents would necessarily include any documents discussing the marketing strategy,

13

marketing analysis, or other strategic analyses or strategies relating to Apress Media's efforts to market its products before and up to 2013.  Despite promising to produce relevant documents, Apress Media has produced no documents relevant to this issue nor valid reasons to withhold this information.  Accordingly. App Press request that this information be produced immediately.

**Request No. 13:**  App Press has yet to produce a chart or other document evidencing the organization or the company controlling App Press, and this information is specifically sought in RFP No. 14.  This information is relevant, both to the Court and parties, regarding the ownership and operation of Apress Media and should be produce via compulsion of the court immediately.

**Request No. 16:**  Apress Media has refused to provide information regarding its sale or services of products relating to books or ebooks published by Apress Media and/or any documents describing services provided by Apress Media.  This information is relevant to Apress Media's claims of infringement (in comparison to App Press' products, at least) and need be produced.  Accordingly, Apress Media should be ordered to produce this information.

**C.**     **Apress Media has raised a large number of "general objections," as well as specific objections, that are inapplicable and should be stricken by the Court.**

Apress Media has prefaced its responses to Interrogatories and Requests for Production with a set of boilerplate "general objections" that it purports to incorporate into the response to each and every response it makes to written discovery.  Specifically, Apress Media has raised twenty-one (21) such general objections to App Press's RFPs, and thirteen (13) such objections to App Press's Interrogatories.  These objections are often irrelevant to subject matter of the various Interrogatories and Requests and allow counsel for App Press no manner of determining

14

where documents and/or information have been withheld over valid (or invalid) objection(s) and where they have not. Further, this court has noted that such general objections, without the requisite specificity as to which they apply, are invalid and should be ignored. *Novelty, Inc.*, 265 F.R.D at 375. Accordingly, they should be stricken by the Court and Apress Media should be ordered to produce all information and documents withheld due to these objections.

## III. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court order Defendant, Apress Media LLC, to fully respond to Plaintiff's Interrogatories and Requests for Production within ten (10) days, including production of those documents identified specifically in the Motion to Compel and Supporting Memorandum, award Plaintiff reasonable costs and expenses, including attorney's fees, incurred in seeking the Court's order compelling Defendants' compliance in responding to discovery, and for all other just and proper relief in the premises.

Verification:

I declare under the penalty of perjury that the foregoing factual representations regarding communications between counsel and the parties in this matter are true and correct.

*/s Jacob R. Cox*_____
Jacob R. Cox

Respectfully submitted,

/s *Jacob R. Cox*_____
Jacob R. Cox, Attorney No. 26321-49
**COX LAW OFFICE**
1606 N. Delaware Street

Indianapolis, Indiana 46202
T: 317.884.8550
F: 317.660.2453
jcox@coxlaw.org
*Attorney for Plaintiff/Counterclaim*
*Defendant App Press LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was filed via the Court's CM/EMF system, which will serve notice of filing on the following counsel of record via the CM/EMF system, on the 5th day of June, 2013:

Deborah Pollack-Milgate
dmilgate@btlaw.com

Jeff M. Barron
jeff.barron@btlaw.com

Sadaf R. Abdullah
sadaf.abdullah@wilmerhale.com

Mark G. Matuschak
mark.matuschak@wilmerhale.com

Louis W. Tompros
louis.tompros@wilmerhale.com

Jane A. Dryer
jane.dryer@wilmerhale.com

Vinita Ferrera
vinita.ferrera@wilmerhale.com

/s *Jacob R. Cox*
Jacob R. Cox