UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| APP PRESS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00718-SEB-DML |
| APRESS MEDIA LLC, | ) |
| | ) |
| Defendant. | ) |

## Order Denying Plaintiff's Motion to Amend Requirements for Production of ESI (Dkt. 59)

The amended case management order requires that documents stored in an electronic format must, if requested, be produced in "'Tagged Image File Format (.tif or .tiff)' in single page, black and white images." (Dkt. 49, Section III(K)(1). This provision was made a part of the case management order after the court considered competing proposals by the parties and adopted defendant Apress Media's ("Media") proposal.

Plaintiff App Press LLC ("Press") seeks an order amending this provision to permit it to produce electronically stored documents in their native format without conversion to a .TIFF file.

When Press first produced its electronically stored documents, it did not convert them to TIFF files and when Media complained, Press filed the present motion. In its verified motion, Press states that the conversion process may cost around $700 to $1,000 or so, and that those costs should be borne by Media to the extent that Meida desires TIFF formatted files for its own case management

purposes. Press also argues that for its own purposes, the TIFF format is more difficult to use because, among other things, a TIFF format does not allow for including color, and it separates each page of a document into a separate file, which is problematic for Excel files. Media objects to Press's request for permission to produce documents in their native format. It points to a number of advantages that TIFF format provides, including the preservation of a document's metadata,[1] the ability to tie families of documents together including email attachments to their parent emails, and the ease of numbering and labeling pages of documents.

After careful consideration of the parties' arguments, the court declines to amend the requirements of the case management order for the production of electronically stored information. Press has not demonstrated that the costs of converting documents to TIFF format are unreasonably burdensome[2] as compared to the stakes involved in this litigation, Press's resources, or the benefits of the TIFF format to case management for both sides and the court. Documents that cannot be converted to a usable TIFF format, such as electronically stored voice

---

[1] Press disagrees that a TIFF format allows access to metadata, citing *Romero v. Allstate Ins. Co.,* 271 F.R.D. 96 (E. D. Pa. 2010). The *Romero* court ordered the parties to produce electronic documents in their native format and cited a 2006 decision from the District of Delaware noting that removing metadata from an electronic document usually requires "affirmative alteration of the document, through scrubbing or converting the file from its native format to an image file, for example." *Id.* at 107 (quoting *Wyeth v. Impax Labs, Inc.,* 248 F.R.D. 169, 171 (D. Del. 2006)). The court is unable to conclude from this citation that conversions to TIFF files always scrub metadata.

[2] The court notes that this is the third time Press has expended its resources arguing this issue to the court. And beyond the expense of it, the court cautions Press that continuing to raise matters the court has already decided signals a lack of respect for the court's rulings and a lack of consideration of its limited resources.

mails or, apparently, some kinds of Excel files, need not be converted. Indeed, the case management order contemplates that such circumstances may arise and permits the parties to agree to use another commercially reasonable format, if requested. The fact that some types of electronic documents are not user-friendly in a TIFF format is not a sufficient reason to overhaul the case management order. Press's fear that "in some circumstances, and without amending the CMP, the parties will continually and inescapably be in breach of its directive regarding TIFF format" is not a reasonable one. As provided by the case management order, TIFF is the presumptive format in which electronic documents must be produced. If that format is unworkable for some types of information, the court expects the parties to bring these matters to each other's attention when they arise and to reach a *sensible* solution.

## Conclusion

Press's motion (Dkt. 59) to amend the case management order to eliminate the requirement of production of ESI in TIFF format is DENIED.

So ORDERED.

Date: 07/19/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system