UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| APP PRESS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-00718-SEB-DML |
| APRESS MEDIA LLC, ) | |
| ) | |
| Defendant. ) | |

## Order on Plaintiff's Motion to Compel (Dkt. 66) and Motion for Oral Argument (Dkt. 87)

This matter is before the court on a motion to compel brought by plaintiff App Press LLC ("Press"). (Dkt. 66). Press also requests that the court conduct oral argument on its motion. (Dkt. 87). The court determines that oral argument is not necessary.

This case warrants the court's reminder to both parties that discovery is "intended to be a self-regulating process that depends on the reasonableness and cooperation of counsel." *EEOC v. Simply Storage Mgmt., LLC,* 270 F.R.D. 430, 436 (S.D. Ind. 2010) (citing Fed. R. Civ. P. 37(a)(1)). A party's ability to construct a theory of relevance for a particular discovery request does not mean it is reasonable to demand that the question be answered in all its breadth or that all the materials requested be produced. Discovery requires both sides' reasonable evaluation of the relevance and materiality of requested information to the case, and their considered judgment about whether the burden or expense of producing particular information outweighs the information's worth. The parties must consider whether there is a

less burdensome or intrusive way than the requesting party chose that still provides it with information reasonably necessary to the fair prosecution or defense of claims.  Having reviewed the parties' submissions in connection with the current disputes, the court is of the conviction that, had the parties heeded these principles, they could have crafted reasonable solutions to all of their disputes.

These principles guide the court's resolution of the discovery issues raised in Press's motion to compel.  The court rules as follows:

### Media's Rolling Production of Documents.

The court declines to sanction Media for failing to produce any documents at the same time it served its written response to Press's document requests.  Even though the court agrees with Press that Media seems to have dragged its feet in getting documents to Press, the parties should—and the court *will*—focus on substance and not on sanctions.  Further, rolling productions are not *per se* unacceptable; they make sense in many cases.

### Interrogatories

1.  **Interrogatory 1.**  Media's answer is acceptable.  Its explanation that the collaborative effort in answering interrogatories makes it virtually impossible to tie a particular person to particular information for particular interrogatory answers is rational.  There are other, more straightforward ways of ascertaining the persons who possess information material to a claim or defense than insisting on the information requested by Interrogatory 1.  The motion to compel is denied as to Interrogatory 1.

2. <u>Interrogatory 2.</u>  The court is not convinced that Press needs to know the identity and job description of every single Media employee.  That is not the most reasonable manner of determining persons who possess information material to a claim or defense.  The parties are directed to confer further about identifying Media employees or representatives with knowledge of matters germane to claims or defenses.   The motion to compel is denied as to Interrogatory 2.

3. <u>Interrogatory 5.</u>  Media's answer is acceptable.  It has explained that it based the statement in paragraph 46 of its counterclaim on a report provided by Google Analytics.  The motion to compel is denied as to Interrogatory 5.

4. <u>Interrogatories 6 and 7.</u>  Media's answer is acceptable.  It has identified the employee of its parent company as a person (or even, *the* person) who pronounces "App Press" and "Apress" the same way, and has identified electronic text synthesis systems as support for the same pronunciation.  Press's insistence that Media admit that it knows of no consumer or  employee of its own who pronounced the two phrases or words the same way appears to be aimed at something other than discovery relevant to claims or defenses.  The motion to compel is denied as to Interrogatories 6 and 7.

5. <u>Interrogatory 8.</u>  Media's production of the file history for Reg. No. 2579037, its identification of Bates-ranges of responsive documents, and its agreement to investigate further the existence of additional responsive documents satisfy its duty to provide information regarding the cancellation of Reg. No. 2579037, as requested in Interrogatory 8 and Request for Production 5.  The court

notes, however, that according to Press, it has not yet received any documents specifically relating to the cancellation of Reg. No. 2579037, and that some documents that Media identified as responsive to Interrogatory 8 do not—in Press's view—relate to cancellation of the mark.  The court surmises that the parties have different views, both of which may be reasonable, of the scope of documentation that relates to cancellation of the mark.  These views should be addressed by the parties in a telephone conversation or face-to-face meeting with questions such as, "Why did you state that Bates Numbers 1025-1072 relate to cancellation?" or "Can you explain why there do not seem to be any documents specifically referencing the cancellation?" before the filing of motions complaining that one side does not understand what the other side has done.  The court reminds Media of its obligation diligently to search for and produce the business records it promised would allow the plaintiff to ascertain the answer to Interrogatory 8.  At this time, the motion is compel is denied as to Interrogatory 8.

      6.      <u>Interrogatory 9.</u>  Within 14 days of the entry of this order, Media is required to answer Interrogatory 9.  If Media is confused by any language in the interrogatory, it must immediately seek clarification from Press.  The motion to compel is granted as to Interrogatory 9.

      7.      <u>Interrogatory 12.</u>  To the extent it has not already done so, within 14 days of this order, Media must identify by Bates-number the documents it produced as responsive to Interrogatory 12.  That action will satisfy its obligations to answer this interrogatory.

8. **Interrogatory 14.**  Within 14 days of this order, Media must serve a privilege log to identify the documents that it contends are responsive to Interrogatory 14 but protected from disclosure by the attorney-client privilege or work product doctrine.  That action will satisfy its obligations, at this time, to answer Interrogatory 14.

9. **Interrogatory 15.**  Media contends that the motion to compel is moot as to Interrogatory 15 because it has, in fact, produced documents relating to its products, services, and the markets for its products and services.  In its reply brief, Press states that although it has received documents relating to Media's products, it has not received information regarding the volumes of sales in various countries and markets.  The court directs the parties to confer further regarding Media's provision of documents regarding sales volume, but at this time the motion to compel is denied as to Interrogatory 15.

## Document Requests

According to Media, it has now produced all responsive, non-privileged documents.  It says that its production includes any documents it found after reasonable investigation that related to or included a reference to App Press.  Within 14 days of this order, Media must provide a written description to Press of the nature of Media's investigation for responsive documents – i.e., the files (electronic or otherwise) that it searched for responsive documents, and the keyword and date parameters that it used for searches.  To the extent that Press reasonably believes that the document searches were too narrow, it must discuss that matter

with Media, and the parties must endeavor to reach agreement on the conduct of any additional searches.  In addition, with respect to any document request for which Media determined that it has no responsive documents, Media must clearly say so.  Press cannot be made to guess whether in connection with any particular document request, Media has withheld responsive documents or simply has no responsive documents.

Further, as to the specific document requests described by Press in its motion to compel, the court provides the following additional comments and guidance.

1. <u>Requests 1 and 2</u>.  The court's directive, above, that Media describe for Press the document search protocols it employed is designed to satisfy the parties that reasonable, good faith efforts were used to locate responsive documents, including those responsive to Requests 1 and 2.

2. <u>Request 5</u>.  *See* comments regarding Interrogatory 8.

3. <u>Request 7.</u>  Like many of their discovery disputes, it appears that the dispute over Request 7 is the result of miscommunication and the parties' talking past one another.  The court directs them to confer further in a face-to-face meeting or over the telephone and discuss each of the Google Analytics that the plaintiff believes it needs but has not been provided and whether that documentation reasonably can be provided.  It appears to the court that Press does not in fact need all of Media's web analytics data.  The parties must talk about what is reasonably needed and what reasonably can be provided.  Otherwise, at this time, the plaintiff's motion to compel as to Request 7 is denied.

4.      <u>Requests 9 and 10</u>.  Given Press's assertion that documents produced by Media indicate that cease and desist letters were sent in 2009, 2010, and 2011, contrary to Media's earlier belief, Media must within 14 days of this order update its responses to Requests 9 and 10 and state whether other cease and desist letters exist and, if so, produce them.

## Attorneys' Fees

The court determines that neither party is entitled to its attorneys' fees in connection with the motion to compel.  As noted earlier, the court is very concerned with the parties' lack of good faith, reasonable, and cooperative communications regarding discovery.

## Conclusion

The plaintiff's motion for oral argument (Dkt. 87) is DENIED.  The plaintiff's motion to compel (Dkt. 66) is GRANTED IN PART AND DENIED IN PART as provided in this order.

So ORDERED.

Date:  07/23/2013

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system