UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| APP PRESS LLC, )<br>)<br>           Plaintiff/Counterclaim )<br>           Defendant, )<br>     v. )<br>)<br>APRESS MEDIA LLC, )<br>)<br>           Defendant/ Counterclaim )<br>           Plaintiff. ) | CASE NO. 1:12-cv-0718-SEB-DML<br><br>**JURY TRIAL DEMANDED** |

### **REPLY IN SUPPORT OF MOTION FOR CONFERENCE WITH MAGISTRATE JUDGE**

Apress Media has filed an opposition to App Press's request for a discovery conference with the Magistrate Judge and, in doing so, argues that App Press cannot seek a discovery conference without Apress Media's consent. However, in addition to the fact that the "joint request" requirement in the CMP relates to motions to compel or for protective order, which is not the nature of the discovery dispute at issue, the CMP also specifically allows for the filing of a "unilateral" request by a party in compelling circumstances, and App Press believes such circumstances exist here.

App Press has attempted for more than two months without success to resolve the dispute over Apress Media's widespread use of the Attorneys' Eyes Only designation, including various correspondence on this issue between counsel on July 1, 23, 30, and August 29, as well as telephone conferences by counsel on this issue on June 18, July 18 and August 6; however, despite these numerous communications, Apress Media has flatly refused to change their designations and the parties are clearly at an impasse. Further, Apress Media has demonstrated similar patterns of foot dragging in resolving discovery issues such that there is no reason to not proceed with a conference with the Magistrate Judge or, if the Court prefers, direct the parties to

1

submit briefing on this issue via the filing of a Motion Challenging the Designation of Documents as Attorneys Eyes Only.

Although Apress Media evidently desires to further delay resolution of this issue by now refusing to "join" in a request for a discovery conference with the Magistrate Judge (as suggested by the Local Rules) prior to the filing of a motion requesting a ruling from the Court on this issue, it is unclear how this tactic serves any purpose other than to unnecessarily delay resolution of this issue and increase the costs of litigation. Accordingly, App Press asks that the Court ignore Apress Media's opposition[1] and schedule a conference with the Magistrate Judge at its earliest convenience.

WHEREFORE, App Press LLC, by counsel, respectfully request that the Court set a conference for purposes of allowing the parties and Magistrate Judge to discuss discovery issues, or alternatively direct App Press to file a Motion Challenging the Designation of Documents as Attorneys Eyes Only, and for all other necessary and just relief.

Respectfully submitted,

/s *Jacob R. Cox*
Jacob R. Cox, Attorney No. 26321-49
**COX LAW OFFICE**
1606 N. Delaware Street
Indianapolis, Indiana 46202
T: 317.884.8550
F: 317.660.2453
jcox@coxlaw.org
*Attorney for Plaintiff/Counterclaim Defendant App Press LLC*

---

[1] The Court would also be within its rights to strike and ignore Apress Media's Opposition due to the decision by Apress Media to ignore requirements for the form of filings, as set forth in FRCP Rule 10 and the Local Rules of the Southern District of Indiana.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed via the Court's CM/EMF system, which will serve notice of filing on the following counsel of record via the CM/EMF system, on the 5th day of September, 2013:

| | |
|---|---|
| Deborah Pollack-Milgate<br>dmilgate@btlaw.com | Jeff M. Barron<br>jeff.barron@btlaw.com |
| Sadaf R. Abdullah<br>sadaf.abdullah@wilmerhale.com | Mark G. Matuschak<br>mark.matuschak@wilmerhale.com |
| Louis W. Tompros<br>louis.tompros@wilmerhale.com | Jane A. Dryer<br>jane.dryer@wilmerhale.com |
| Vinita Ferrera<br>vinita.ferrera@wilmerhale.com | Martin Gilmore<br>Martin.gilmore@wilmerhale.com |

                                                /s *Jacob R. Cox*
                                                Jacob R. Cox