**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| ) | |
| ) | |
| APP PRESS LLC, ) | |
|     Plaintiff and Counterclaim Defendant, ) | |
| ) | CASE NO. 1:12-cv-0718-SEB-DML |
|     v. ) | |
| ) | |
| APRESS MEDIA LLC, ) | |
|     Defendant and Counterclaim Plaintiff. ) | |
| ) | |
| ) | |

**APRESS MEDIA LLC'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

Defendant/Counterclaim Plaintiff Apress Media LLC ("Apress") submits this Motion for

Partial Summary Judgment that the doctrine of laches does not preclude Apress from bringing or

obtaining relief for its counterclaims of Trademark Infringement, Federal Unfair Competition,

Dilution, Cancellation, Unfair Competition Under Indiana Common Law, Common Law

Trademark Infringement, Dilution in Violation of Indiana Code § 24-2-1-13.5, and Deceptive

Trade Practices Under Indiana Law.

1.      Summary judgment is proper against "a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986),

and "shall [be] grant[ed] if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**Partial Summary Judgment Of No Laches Should Be Granted**

2.      To establish an affirmative defense of laches, the defendant must show that the

plaintiff had actual or constructive notice of the defendant's use of an allegedly infringing mark,

that the plaintiff inexcusably delayed in taking action with respect to the defendant's use, and that the defendant would be prejudiced by allowing the plaintiff to assert its rights at this time. *Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792-93 (7th Cir. 2002).

3.      A delay may be considered presumptively reasonable if it falls within the analogous statute of limitations of the relevant state—here, Indiana's Deceptive Consumer Sales Act, which has a two-year statute of limitations. *Boss Prods., Inc. v. Port-A-Pit Bar-B-Que of Edgerton, Inc.*, No. 3:05-CV-293 RM, 2009 WL 260793 at *8 (N.D. Ind. Feb. 4, 2009). When an action is brought within this two-year time period, any delay may be considered presumptively reasonable. *Id.* (internal citations omitted).

4.      As demonstrated in Apress's accompanying memorandum, the uncontroverted evidence shows that Apress brought its infringement counterclaims well within the statute of limitations. In fact, the delay on which App Press bases its laches defense was under eight months—well within the two-year window for Apress's delay to be presumptively reasonable. Moreover, App Press has suffered no prejudice as a result of Apress's reasonable delay. Indeed, App Press decided that it would not change its name on the day it received Apress's first communication.

5.      For the reasons set forth above and in Apress's accompanying memorandum, Apress Media LLC's Motion for Partial Summary Judgment should be granted to preclude App Press from invoking the affirmative defense of laches.

WHEREFORE Apress respectfully moves the Court pursuant to Fed. R. Civ. P. 56(c) for partial summary judgment of laches, and for all other just and proper relief.

Respectfully submitted,

Dated: October 24, 2013                    By:     */s/ Deborah Pollack-Milgate*
                                                   Deborah Pollack-Milgate (22475-49)
                                                   dmilgate@btlaw.com
                                                   Barnes & Thornburg LLP
                                                   11 S. Meridian Street
                                                   Indianapolis, IN 46204-3535
                                                   Tel: (317) 236-1313
                                                   Fax: (317) 231-7433

                                                   Mark G. Matuschak *(pro hac vice)*
                                                   mark.matuschak@wilmerhale.com
                                                   Louis W. Tompros *(pro hac vice)*
                                                   louis.tompros@wilmerhale.com
                                                   Wilmer Cutler Pickering Hale and Dorr LLP
                                                   60 State Street
                                                   Boston, MA 02109
                                                   Tel.: (617) 526-6000
                                                   Fax.: (617) 526-5000

                                                   Martin E. Gilmore *(pro hac vice)*
                                                   martin.gilmore@wilmerhale.com
                                                   Jane A. Dryer *(pro hac vice)*
                                                   jane.dryer@wilmerhale.com
                                                   Wilmer Cutler Pickering Hale and Dorr LLP
                                                   250 Greenwich Street
                                                   New York, NY 10007
                                                   Tel.: (212) 230-8800
                                                   Fax: (212) 230-8888

                                                   *Attorneys for Apress Media LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing APRESS MEDIA LLC'S MOTION

FOR PARTIAL SUMMARY JUDGMENT was filed electronically.  Notice of this filing will be

sent to the following parties by operation of the Court's electronic filing system on October 24,

2013.  Parties may access this filing through the Court's system.


Dated:     October 24, 2013                    /s/ Deborah Pollack-Milgate

                                               *Attorney for Defendant/Counterclaim-*
                                               *Plaintiff Apress Media LLC*