**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| APP PRESS LLC,<br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>APRESS MEDIA LLC,<br>    Defendant and Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:12-cv-0718-SEB-DML<br>)<br>)<br>)<br>)<br>)<br>) **FILED UNDER SEAL**<br>) |

**APRESS MEDIA, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433

Mark G. Matuschak
Louis W. Tompros
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000

Martin E. Gilmore
Jane A. Dryer
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Phone: (212) 230-8800
Facsimile: (212) 230-8888

*Counsel for Apress Media LLC*

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................1

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................................2

III.  RELEVANT LEGAL STANDARDS ................................................................................4

      A.    Summary Judgment ..................................................................................................4

      B.    Laches .........................................................................................................................5

IV.  ARGUMENT......................................................................................................................6

      A.    Apress's "Delay" Was Presumptively Reasonable ..................................................6

      B.    Apress Did Not Unreasonably Delay Enforcement Of Its Rights ...........................6

      C.    App Press Suffered No Prejudice As A Result Of The Purported Delay ................7

V.   CONCLUSION...................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AmBrit, Inc. v. Kraft, Inc.*,
  812 F.2d 1531 (11th Cir.1986) ...................................................................................................6

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .....................................................................................................................5

*Bell v. Duperrault*,
  367 F.3d 703 (7th Cir. 2004) .......................................................................................................5

*Bennett v. Tucker,*
  827 F.2d 63 (7th Cir.1987) ..........................................................................................................9

*Black Hills Jewelry Mfg. v. Gold Rush, Inc.*,
  633 F.2d 746 (8th Cir. 1980) .......................................................................................................6

*Blue Cross & Blue Shield Ass'n v. Am. Express Co.*,
  467 F.3d 634 (7th Cir. 2006) .......................................................................................................9

*Boss Prods., Inc. v. Port-A-Pit Bar-B-Que of Edgerton, Inc.*,
  No. 3:05-CV-293 RM, 2009 WL 260793 (N.D. Ind. Feb. 4, 2009) ......................................5, 6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .....................................................................................................................4

*Chattanooga Mfg., Inc. v. Nike, Inc.,*
  301 F.3d 789 (7th Cir. 2002) .......................................................................................................5

*Foley v. City of Lafayette*,
  359 F.3d 925 (7th Cir. 2004) .......................................................................................................5

*Helene Curtis Indus. v. Church & Dwight Co.*,
  560 F.2d 1325 (7th Cir. 1977) .....................................................................................................5

*Hot Wax, Inc. v. Turtle Wax, Inc.*,
  191 F.3d 813 (7th Cir. 1999) .......................................................................................................5

*McDonald v. Vill. of Winnetka*,
  371 F.3d 992 (7th Cir. 2004) .......................................................................................................5

*Piper Aircraft Corp. v. Wag-Aero, Inc.*,
  741 F.2d 915 (7th Cir. 1984) .......................................................................................................6

*Roulo v. Russ Berrie & Co.*,
    886 F.2d 931 (7th Cir. 1989) ..................................................................................................6

*Simon Property Group, L.P. v. mySimon, Inc.*,
    2001 WL 66408 (S.D. Ind. Jan. 24, 2001) ..............................................................................7

*Tisch Hotels, Inc. v. Americana Inn, Inc.*,
    350 F.2d 609 (7th Cir. 1965) ...............................................................................................6, 8

**STATUTES & RULES**

15 U.S.C. § 1063 ..............................................................................................................................4

Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et seq.* ......................................................5

Fed. R. Civ. P. 56(a) ........................................................................................................................4

Fed R. Civ. P. 56(c) .........................................................................................................................5

# TABLE OF EXHIBITS

| DESCRIPTION | EXHIBIT |
|---|---|
| 2012.08.10 – Plaintiff / Counterclaim Defendant's Answer and Affirmative Defenses to Counterclaims | 1 |
| 2013.05.14 – Letter from Jacob Cox to Mark Matuschak re Rule 37 of the Federal Rules of Civil Procedure | 2 |
| Apress Media LLC's File History | 3 |
| 2011.01.07 – App Press's Trademark / Service Mark Application, Principal Register – Serial Number 85212539 | 4 |
| 2013.04.24 – App Press's Answers and Objections to Defendant Apress Media LLC's First set of Interrogatories | 5 |
| 2012.05.24 – Complaint for Declaratory Relief | 6 |
| 2013.10.10 – Excerpts from the Deposition of Grant Glas | 7 (filed under seal) |
| 2013.08.01 – App Press's Supplemented Answers and Objections to Defendant Apress Media LLC's Interrogatory No.14 and RFP No. 11 | 8 (filed under seal) |
| January 1, 2010 to August 1, 2013 – App Press LLC – Transaction Report | 9 (filed under seal) |
| October 1, 2010 to July 17, 2012 – Invisions Technical Arts LLC – Transaction Report | 10 (filed under seal) |
| 2013.09.18 – App Press's Answer and Objections to Apress Media's Third Set of Interrogatories | 11 |
| App Press LLC's File History | 12 |

Defendant Apress Media LLC ("Apress") respectfully submits this memorandum of law in support of its motion for partial summary judgment on Plaintiff App Press LLC's ("App Press") affirmative defense of laches.

## I.     INTRODUCTION

Apress owns, uses, and diligently polices the registered trademark APRESS. On August 15, 2011, after learning that App Press was using and had registered the trademark APP PRESS, Apress sent a letter notifying App Press of the APRESS mark and requesting that App Press cease and desist its use of the infringing mark. In a response dated September 19, 2011, App Press refused.

Apress then sent a second letter on May 8, 2012, again requesting that App Press stop using and cancel the infringing APP PRESS mark. App Press responded by bringing this declaratory judgment action. Apress counterclaimed for (among other things) trademark infringement.

In its answer to Apress's counterclaims, App Press asserted as an affirmative defense that Apress's counterclaims for infringement "are barred by the doctrine of laches." (Ex. 1 ¶ 77). In subsequent correspondence and interrogatory responses, App Press explained that the basis for its laches defense was Apress's allegedly unexplained delay of eight months between the time that it received App Press's letter responding to its cease-and-desist request (September 2011), and Apress's response (May 2012). (Ex. 2 at 5).

Laches requires both: (1) an inexcusable delay; and (2) prejudice to the defendant due to reliance on that delay. App Press cannot show either. *First*, even assuming that App Press were correct that Apress had delayed responding to its letter for eight months without explanation, that delay is too short to constitute "inexcusable delay" for purposes of laches. Federal courts

applying the doctrine of laches in Lanham Act actions look to the applicable analogous state statute of limitations to determine whether any delay is presumptively unreasonable. The analogous statute in the state of Indiana—the Deceptive Consumer Sales Act—contains a two-year statute of limitations, much greater than the eight months at issue here. Moreover, the Seventh Circuit Court of Appeals has held that even a two-year delay—three times the purported delay here—is "rarely, if ever" sufficient for laches in a trademark infringement action.

*Second*, even if eight months were a sufficient delay, there was no prejudice.  As a result, App Press cannot prove any prejudicial reliance on Apress's delay. Apress is therefore entitled to summary judgment.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

On April 7, 2010, Apress filed an application with the United States Patent and Trademark Office for the mark APRESS. The mark was entered on the United States Patent and Trademark Principal Register on March 8, 2011. (Ex. 3).

On January 7, 2011, App Press filed an application with the United States Patent and Trademark Office ("USPTO") for the mark APP PRESS. (Ex. 4). App Press launched the App Press product to the public on May 24, 2011. (Ex. 5 (Response to Interrogatory No. 6)).

On August 15, 2011, Apress notified App Press that App Press infringed United States Trademark No. 3928078 for the mark APRESS. Apress requested "written assurance that [App

Press] will immediately plan to abandon all use of the App Press trademark, trade name and domain name." (Ex. 6 at Ex. A).

██████████████████████████████████████████████████████████

██████████████████████████ App Press then responded on September 19, 2011, claiming that it did not infringe the APRESS mark and requesting that Apress confirm that "this issue has been resolved." (Ex. 6 at Ex. B). Apress never provided the requested confirmation, nor did Apress ever represent to App Press that the "issue ha[d] been resolved."

On May 8, 2012, Apress sent another letter to App Press regarding infringement of the APRESS mark and again asked App Press to cancel its registration and cease use of the APP PRESS mark. (Ex. 6 at Ex. C). Apress requested a response from App Press by May 25, 2012. (Ex. 6 at Ex. C). App Press did not respond to the letter; instead, on May 24, 2012, App Press filed this lawsuit for a declaratory judgment that it did not infringe the APRESS mark. (*See* Ex. 6; ████████)

App Press contends that in the eight months between App Press's September 19, 2011 letter and Apress's May 8, 2012 response, App Press "devoted significant time and expense in continuing to use and developing the App Press mark in marketing, licensing, and developing the App Press CMS Tool and product." (Ex. 6 ¶ 13). According to App Press, the "significant time and expense" devoted during that period comprised "attend[ing] a large volume of sales, marketing, and other meeting relating to their growth of the App Press product and brand" and "[paying] and/or obtain[ing] design, legal, coding and branding help from a variety of contractors." (Ex. 6 ¶ 13; *see also* Ex. 5 at 4 (Response to Interrogatory No. 10)).

████████████████████████████████████████████████████████

██████████████████████████████

3



App Press makes this claim notwithstanding that App Press itself initiated litigation rather attempt to reach a business solution.

### III. RELEVANT LEGAL STANDARDS

#### A. Summary Judgment

Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and "shall [be] grant[ed] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine issue of material fact exists, the Court "must construe the facts and draw all reasonable

---

[2] App Press also asserted in its interrogatory responses that Apress "purposefully and without good cause delayed action" in enforcing its rights. (Ex.11 (response to Interrogatory No. 20)). The APP PRESS mark was published for opposition on May 24, 2011. (Ex. 12 at 3). The statutory period for opposition is 30 days. *See* 15 U.S.C. § 1063. Apress has been unable to locate any cases wherein laches has been found after a 30-day delay.

4

inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The Court is not, however, "required to draw every conceivable inference from the record," *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004) (citation omitted), and inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). To defeat this summary judgment motion, App Press must therefore go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also* Fed R. Civ. P. 56(c).

### B. Laches

To establish the affirmative defense of laches, App Press must show by a preponderance of the evidence that (1) Apress was aware of App Press's use of the infringing mark; (2) Apress inexcusably delayed in taking action with respect to App Press's use, and (3) that App Press was prejudiced by that unreasonable delay. *Chattanooga Mfg., Inc. v. Nike, Inc.,* 301 F.3d 789, 792-93 (7th Cir. 2002). Mere delay, without prejudice, is insufficient to invoke laches. *See, e.g.*, *Helene Curtis Indus. v. Church & Dwight Co.*, 560 F.2d 1325, 1334 (7th Cir. 1977).

Courts in this Circuit consider "analogous state statutes of limitations to determine whether a presumption of laches should apply." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 821-22 (7th Cir. 1999). For claims of trademark infringement, "Indiana's most analogous state statute is the Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et seq.*, which includes a two-year statute of limitations." *Boss Prods., Inc. v. Port-A-Pit Bar-B-Que of Edgerton, Inc.*, No. 3:05-CV-293 RM, 2009 WL 260793, at *8 (N.D. Ind. Feb. 4, 2009). If suit is brought within the applicable statute of limitations period, any delay may be considered presumptively reasonable. *Id.* at *8 (internal citations omitted).

## IV. ARGUMENT

### A. Apress's "Delay" Was Presumptively Reasonable.

Indiana's Deceptive Consumer Sales Act contains a two-year statute of limitations. *See* Ind. Code § 24-5-0.5-1 *et seq.* App Press's laches defense is based upon the eight-month period between its letter of September 19, 2011, and Apress's second letter of May 8, 2012. This period is well under the time required for a presumption of laches. *See Boss Prods.*, 2009 WL 260793 at *8. Thus, any "delay" was presumptively reasonable, and App Press must rebut the presumption to prevail on its defense. *Id.*

### B. Apress Did Not Unreasonably Delay Enforcement Of Its Rights.

The eight-month period asserted by App Press is too short a "delay" to provide a basis for a laches defense. The Seventh Circuit has repeatedly held that even a two-year delay—*i.e.*, a delay that is three times longer than the delay asserted here—is almost **never** sufficient to establish laches in a trademark infringement case. *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 942 (7th Cir. 1989) ("A two year delay in filing an action following knowledge of the infringement has rarely been held sufficient to constitute laches"); *Piper Aircraft Corp. v. Wag-Aero, Inc.*, 741 F.2d 925, 933 (7th Cir. 1984) ("We note that two years has rarely, if ever, been held to be a delay of sufficient length to establish laches"). Even a **three-year** delay has been held insufficient to establish laches. *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609 (7th Cir. 1965). This Circuit's two-year minimum is consistent with the views of other circuits. *See, e.g.*, *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1546 (11th Cir.1986) (delay of less than two years is unlikely to constitute laches); *Black Hills Jewelry Mfg. v. Gold Rush, Inc.*, 633 F.2d 746, 754 (8th Cir. 1980) (eighteen months between defendant's first use of trade name and plaintiff's suit insufficient delay to establish laches); *see also Simon Prop. Grp., L.P. v. mySimon, Inc.*, No.

6

99-1195, 2001 WL 66408, at *18 (S.D. Ind. Jan. 24, 2001) (denying laches for injunctive relief in a post-verdict motion and stating "[i]n light of the Seventh Circuit's statement . . . that a delay of two years is rarely 'sufficient' to support a finding of laches, it would be difficult to treat the delay of six months . . . as unreasonable as a matter of law"). As a result, the alleged delay in this case is insufficient to give rise to a laches defense.

### C. App Press Suffered No Prejudice As A Result Of The Purported Delay.

App Press cannot show undue prejudice for at least three reasons. 

7

███████████████████████████████████████████████████████

██████████████████████████████████████ As a matter of law, these expenses were incurred at App Press's own peril and cannot satisfy the "prejudice" requirement. The Seventh Circuit has held that expenses associated with promoting the infringed name after receiving notice of the infringement cannot constitute "prejudice" for purposes of a laches defense. *See Tisch Hotels, Inc*, 350 F.2d 609 at 615 (holding that if "prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay" and that infringers "acted at their peril in [using plaintiff's name], and further acted at their peril in continuing to use the name in the face of a demand to cease"). ████████████████████████████████████████ ██████████

████████████████████████████████████████████████████ ███

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████ ██████████████████████████████████████ ██████████

████████████████████████████████ ████████████ App Press cannot now be heard to complain that it has been prejudiced when it chose to invest time and money in the APP PRESS name ████████████████████████████████████████████.[3]

***Third***, undue prejudice requires a showing of "reliance, to one's detriment, on a belief that delay signaled approval of the acts in question." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.,* 467 F.3d 634, 640 (7th Cir. 2006) (citing *Bennett v. Tucker,* 827 F.2d 63, 69 (7th

---

[3] ██████████████████████████████████████████████████████████████████████████████ As a result, App Press itself is alone to blame for the expense of this litigation—both for App Press and for Apress.

8

Cir.1987)). Here, App Press contends that it relied on the lack of communication from Apress as a sign that Apress no longer sought to prevent App Press from using the APP PRESS mark. App Press, however, had specifically requested in its September 19, 2011 letter that Apress "confirm [] that this issue has been resolved"—making clear that, absent that confirmation, App Press did not believe as of September 19 that the issue was resolved. (Ex. 6 at Ex. B). Thus, it would have been unreasonable for App Press to rely upon an eight-month delay in Apress's response—without the requested confirmation, and without making any effort to follow-up on its request for confirmation—in deciding to continue doing business with the APP PRESS mark.

## V. CONCLUSION

For the foregoing reasons, Apress respectfully requests that the Court grant summary judgment in favor of Apress with respect to App Press's affirmative defense of laches.

October 24, 2013          By:    */s/ Deborah Pollack-Milgate*
Deborah Pollack-Milgate (22475-49)
dmilgate@btlaw.com
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204-3535
Tel: (317) 236-1313
Fax: (317) 231-7433

Mark G. Matuschak *(pro hac vice)*
mark.matuschak@wilmerhale.com
Louis W. Tompros *(pro hac vice)*
louis.tompros@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax.: (617) 526-5000

Martin E. Gilmore *(pro hac vice)*
martin.gilmore@wilmerhale.com
Jane A. Dryer *(pro hac vice)*
jane.dryer@wilmerhale.com

                                WILMER CUTLER PICKERING
                                HALE AND DORR LLP
                                7 World Trade Center
                                250 Greenwich Street
                                New York, NY 10007
                                Tel.: (212) 230-8800
                                Fax: (212) 230-8888

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that the foregoing documents were served on Counsel of Record on this 24th day of October by electronic mail.


Dated:    October 24, 2013                    */s/ Deborah Pollack-Milgate*

                                                            *Attorney for Defendant/Counterclaim-Plaintiff Apress Media LLC*