## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| APP PRESS LLC, | ) | |
|     Plaintiff and Counterclaim Defendant, | ) | |
| | ) | CASE NO. 1:12-cv-0718-SEB-DML |
| v. | ) | |
| | ) | |
| APRESS MEDIA LLC, | ) | |
|     Defendant and Counterclaim Plaintiff. | ) | |
| | ) | |
| | ) | |

## SURREPLY BRIEF IN OPPOSITION TO APP PRESS'S
## MOTION FOR SUMMARY JUDGMENT

Deborah Pollack-Milgate
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Phone: (317) 236-1313
Facsimile: (317) 231-7433

Mark G. Matuschak
Louis W. Tompros
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000

Martin E. Gilmore
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Phone: (212) 230-8800
Facsimile: (212) 230-8888
*Counsel for Apress Media LLC*

## I.      INTRODUCTION

Pursuant to Local Rule 56-1(d), Defendant Apress Media LLC ("Apress") respectfully submits this surreply brief of law in opposition to Plaintiff App Press LLC's ("App Press") motion for summary judgment in response to:  (1) new "evidence" cited in App Press's reply brief; and (2) App Press's motion to strike.[1]

## II.     ARGUMENT

### A.      App Press's Reply Brief Significantly Mischaracterizes The Testimony Of Apress's President.

App Press's Reply Brief cites "new evidence"—namely, the testimony of Apress's President, Paul Manning, from a deposition that App Press took after it filed its motion for summary judgment.  *See* Local Rule 56-1 (permitting surreply brief to respond to "new evidence in the reply").  However, the "new evidence" is little more than a wishful mischaracterization of what Mr. Manning plainly said.  For example:

- App Press grandly claims that Mr. Manning admitted that "[Apress] does not believe anyone encountering the companies' marks as used in public . . . would confuse one for the other."  (Reply Brief in Support of App Press's Motion for Partial Summary Judgment ("Reply") at 3 (emphasis added).)  To the contrary, Mr. Manning merely testified that, as president of one of the litigants to this case, he *personally* was not confused.  Indeed, as President of Apress, Mr. Manning testified that, unlike a typical consumer, he would not confuse his own company's mark with another.  (Dkt. 143 at 176:6-12 ("No.  I'm the President of Apress.  It would be pretty hard for me to make that mistake.").)

---

[1] App Press lodged substantial objections to Apress's evidence in App Press's Reply in Support of Its Motion for Partial Summary Judgment. (Dkt. 142.) These objections were restated in App Press's separate motion to strike. (Dkt. 141.) To avoid repetition, Apress files this single surreply brief to address the evidentiary objections raised in both App Press's Reply and Motion to Strike.

- App Press's similarly mischaracterizes the legal significance of "stylistic differences" between the companies' logos shown side-by-side. (Reply at 3-4; *see also* Dkt. 143 at 176:25-177:3 ("So we're not litigating over whether or not people are going to confuse this logo with this logo?").) The Seventh Circuit has explicitly held that it is "inappropriate" in the context of consumer confusion over a trademark to consider such evidence where, as here, "the public does not encounter the two marks together." *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 898 (7th Cir. 2001).

- App Press also claims that Mr. Manning "cannot [identify] any consumers who chose to not purchase products or service from Apress Media because of a decision to instead purchase products or services from App Press." However, any consumers or authors who were lost because they chose to work with App Press instead of Apress would, by definition, be unknown to Apress. Moreover, App Press has not—either in its opening brief or its Reply Brief—identified any evidence demonstrating that consumers are ***not*** likely to be confused, such as survey evidence. Because App Press has provided no evidence to support its argument and bears the burden on its motion for summary judgment, this factor cannot be weighed in its favor.

**B.      App Press's Motion To Strike Should Be Denied**

Preliminarily, App Press's motion is procedurally improper. As this Court's local rules explain, "[p]arties should address disputes over the admissibility or effect of evidence in their briefs," and this Court therefore "disfavors collateral motions—such as motions to strike—in the summary judgment process." Local Rule 56-1(i).

In any event, each of App Press's evidentiary objections should be overruled:

- **Exhibits 15 and 16:** App Press's arguments go to weight, not admissibility. App Press does not dispute that the screenshots are true copies of the results of the listed Google searches: it only disputes whether they are representative of what searches Mr. Glas may or may not have performed three years ago. App Press may make its argument to a jury, and the jury may decide if the universe of "old printing press[es]" has changed significantly in the past three years. Similarly, assuming App Press can lay a foundation for its unsupported argument that "search history, cookies, or other information" would somehow tailor Google's algorithm and that the results of Exhibits 15 and 16 were somehow dependent on that information, it may challenge the weight of Exhibits 15 and 16 on that basis as well. But none of App Press's criticisms render the Google searches inadmissible, and indeed App Press's criticisms of them are not based on a proper foundation.

- **Exhibits 11 and 12:** Again, App Press's arguments go to weight, not admissibility. Apress is entitled to argue that Google and Bing's results now are indicative of what those results would have been in late 2010. And as with Exhibits 15 and 16, assuming App Press can lay a foundation for its unsupported argument that "search history, cookies, or other information" would somehow tailor Google's and Bing's algorithms to display the results in Exhibits 11 and 12, it may make that argument as well. Indeed, App Press's argument is based on nothing more than unsupported lawyer argument and not a single technical fact. And as with Exhibits 15 and 16, none of App Press's arguments render these exhibits inadmissible.

- **Exhibits 20 and 35:** App Press may prefer to conceal the fact that "Invisions Technical Arts" is not merely an App Press customer but is: (1) an App Press creditor; and (2)

3

wholly owned and operated by Mr. Glas and Mr. Smith, App Press's co-founders.  In any

event, quality is a subjective determination:  the fact that users of an app commented on

its poor quality is, at minimum, relevant evidence for the jury in determining whether the

app is, in fact, low quality.  In addition, comments such as these are admissible for their

effect on readers—negative comments about products produced by App Press (which

exerts no editorial control over what it publishes)—whether true or not—tarnish Apress's

mark in the minds of readers.

- **"Inadmissible Character Evidence":**  Under Rule 404 of the Federal Rules of

   Evidence, evidence of wrongs may be admissible for, inter alia, "preparation . . . absence

   of mistake, or lack of accident."  *See* Fed R. Civ. P. 404(b).  Especially when considered

   in conjunction with Mr. Glas's reversal of his own testimony regarding the searches he

   did or did not perform, evidence of the iHome trademark infringement would allow a jury

   to conclude that App Press did not perform a reasonable, let alone "thorough," search for

   potential trademarks.  (*See* Dkt. 129-4 at 74:17-75:4.)  Similarly, this evidence is

   admissible as probative of "lack of mistake" and "lack of accident" in infringing Apress's

   trademark.  As a result, Rule 404 presents no barrier to evidence of the founders'

   previous trademark infringement.

- **"Inadmissible hearsay:"** Third-party comments, regardless of the truth of the matter

   asserted, are admissible to demonstrate the fame and strength of the Apress mark.  The

   mere fact that people discuss Apress in a positive manner is evidence in and of itself,

   regardless of the precise content.  For example, Apress does not seek to prove that, as

   Nate Klaiber says, Apress's authors are a "Who's Who" list of authors (*see* Apress Opp.

   at 4); it merely uses this evidence as proof of its fame and good reputation.

- **Testimony of Mr. Rodzvilla:** Expert testimony may defeat a summary judgment motion as long as the evidence is admissible. *See, e.g.*, *Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009). The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993). Notably, App Press has not challenged the admissibility of Mr. Rodzvilla's testimony under Rule 702 or *Daubert*. Mr. Rodzvilla's testimony is admissible because it is reliable: as Mr. Rodzvilla's expert report and declaration show, he is eminently qualified to provide expert testimony concerning electronic publishing. Moreover, his testimony will assist the jury in understanding the evidence and in determining a significant fact at issue—whether App Press and Apress are competitors. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 589-91.

## III. CONCLUSION

Apress respectfully requests that the Court deny App Press's motion for summary judgment and its collateral motion to strike.

Dated: December 24, 2013

By: /s/ *Deborah Pollack-Milgate*
Deborah Pollack-Milgate (22475-49)
dmilgate@btlaw.com
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204-3535
Tel: (317) 236-1313
Fax: (317) 231-7433

Mark G. Matuschak *(pro hac vice)*
mark.matuschak@wilmerhale.com
Louis W. Tompros *(pro hac vice)*
louis.tompros@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax.: (617) 526-5000

Martin E. Gilmore *(pro hac vice)*
martin.gilmore@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Apress Media LLC*

## CERTIFICATE OF SERVICE

Notice of this filing will be sent to the following parties by operation of the Court's

electronic filing system on December 24, 2013.  Parties may access this filing through the

Court's system.


*/s/ Deborah Pollack-Milgate*